1  SEYFARTH SHAW LLP
   Kristina M. Launey (SBN 221335)
2  klauney@seyfarth.com
   Sophia S. Kwan (SBN 257666)
3  skwan@seyfarth.com
   Phillip J. Ebsworth (SBN 311026)
4  pebsworth@seyfarth.com
   400 Capitol Mall, Suite 2350
5  Sacramento, California 95814-4428
   Telephone: (916) 448-0159
6  Facsimile: (916) 558-4839

7  SEYFARTH SHAW LLP
   Timothy M. Rusche (SBN 230036)
8  trusche@seyfarth.com
   601 South Figueroa Street, Suite 3300
9  Los Angeles, California 90017-5793
   Telephone: (213) 270-9600
10 Facsimile: (213) 270-9601

11 Attorneys for Defendant
   WINCO HOLDINGS, INC.

12

13               UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

16 NATASHA KING, on behalf of herself        Case No. 2:22-cv-5572
   and all others similarly situated,
17                                            **DEFENDANT WINCO HOLDINGS,
                     Plaintiff,               INC.'S NOTICE OF REMOVAL OF
18                                            CIVIL ACTION TO THE UNITED
              v.                              STATES DISTRICT COURT**
19
   WINCO HOLDINGS, INC., and Idaho           Los Angeles County Superior Court
20 Corporation, doing business as WINCO      Case No. 22STCV18867
   FOODS; and DOES 1-10, inclusive,
21                                            Action Filed: June 8, 2022
                     Defendants.             Complaint Served: July 11, 2022
22

23

24

25

26

27

28

---

DEFENDANT WINCO HOLDINGS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

85325166v.2

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF NATASHA KING AND HER COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Defendant WinCo Holdings, Inc. ("Defendant" or "WinCo"), hereby removes the above-captioned case from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, asserting original jurisdiction under 28 U.S.C. section 1332(d)(2) (the Class Action Fairness Act of 2005 ("CAFA")), removal jurisdiction under 28 U.S.C. sections 1441(a), 1446, and 1453, and supplemental jurisdiction pursuant to 28 U.S.C. section 1367.

**I.       BACKGROUND AND PROCEEDINGS IN STATE COURT**

1.       On June 8, 2022, Plaintiff Natasha King ("Plaintiff") filed a class action Complaint in Los Angeles County Superior Court in the State of California entitled *Natasha King, on behalf of herself and all others similarly situated, v. WinCo Holdings, Inc., and Idaho Corporation, doing business as WinCo Foods; and Does 1-10, inclusive.* The Complaint was assigned Los Angeles County Superior Court Case No. 22STCV18867.

2.       The Complaint alleged causes of action for: (1) Failure to Pay All Wages Owed, including Overtime, (2) Failure to Provide Lawful Meal Periods, (3) Failure to Authorize and Permit Rest Periods, (4) Failure to Timely Pay Wages Owed During Employment, (5) Failure to Timely Pay Wages Owed During Employment, (6) Failure to Furnish Accurate Itemized Wage Statements, (7) Failure to Reimburse Necessary Expenses, and (8) Violation of the Unfair Competition Law.

3.       On July 11, 2022, Plaintiff served the Complaint on Defendant and at that time also served a Summons, Civil Case Cover Sheet and Addendum, Notice of Case Assignment, Initial Status Conference Order (Complex Litigation Program), Court Order Regarding Newly Filed Class Action, First Amended General Order, Order Pursuant to CCP 1054(a) Extending Time to Respond By 30 Days When Parties Agree to Early

1

Organizational Meeting Stipulation, and ADR Information Packet. A true and correct copy of the documents Plaintiff served on Defendant are attached hereto as **Exhibit A**.

4.    The Complaint seeks to certify a class of "[a]ll persons currently or former employed by Defendants as non-exempt employees, however titled, in Defendant's retail stores or supermarkets throughout the state of California within four (4) years prior to the filing of the Complaint in this action until the resolution of this lawsuit and whose job duties did not consist of over 50% administrative, executive or professional duties." (Ex. A, Compl., ¶ 61.)

5.    Defendant has not filed any pleadings or papers in this action prior to this Notice of Removal. **Exhibit A** constitutes all pleadings, processes, and orders properly served on Defendant in this action.

## II.    TIMELINESS OF REMOVAL

6.    Plaintiff served her Summons and Complaint on July 11, 2022. This Notice of Removal is timely because it is being filed within thirty (30) days of the service upon Defendant of a copy of the Summons and Complaint, and within one (1) year of the commencement of this action. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining the time for filing a notice of removal does not run until a party has been formally served with the summons and complaint under applicable state law).

## III.    JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

7.    This Court has original subject-matter jurisdiction over this action under CAFA, codified in relevant part in 28 U.S.C. section 1332(d)(2). As set forth below, this action is properly removable pursuant to 28 U.S.C. section 1441(a) because the alleged amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a purported class action in which a class member is a citizen of a State different from that of Defendant (28 U.S.C. §§ 1332(d)(2) & (6)), and the number of putative class members is greater than 100. *See* 28 U.S.C. §§ 1332(d)(5)(B).

DEFENDANT'S NOTICE OF REMOVAL

85325166v.2

### A. There Is Minimal Diversity For Removal Under CAFA

8.      CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction. That is, at least one purported class member must be a citizen of a state different from any named defendant. *See* 28 U.S.C. § 1332(d)(2)(A) ("any member of a class of plaintiffs is a citizen of a State different from any defendant."); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (explaining that to achieve its purposes CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement in 28 U.S.C. § 1332(d)(2)). Here, such minimal diversity exists among the parties as Plaintiff is a citizen of a state that is different from Defendant's state of citizenship.

#### 1. Plaintiff Is A Citizen Of California

9.      For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *See Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place where they reside with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)); *see also Zavala v. Deutsche Bank Trust Co. Americas*, No. C 13–1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes.").

10.      Here, Plaintiff alleges she "is, and during the liability period has been, a resident of California." (Ex. A, Compl., ¶ 15.) Plaintiff began her employment with WinCo in 2018. (Declaration of Kyle Post ("Post Decl."), ¶ 4.) Plaintiff listed a California address on her job application when she applied for employment with WinCo

DEFENDANT'S NOTICE OF REMOVAL

85325166v.2

in 2018. (*Id.*) Throughout her entire employment with WinCo, Plaintiff maintained a California address on file for purposes of her personnel file, payroll checks, state payroll, and tax withholdings. (*Id.*) Pursuant to WinCo's records, Plaintiff's last known home address is in California. (*Id.*) The results of a public records search show that Plaintiff's last known address is in California. (Declaration of Phillip J. Ebsworth, ¶ 3.) Plaintiff filed this lawsuit in California. Accordingly, Plaintiff is, and has been at all times since the institution of this action, a citizen of the State of California.

### 2.    Defendant Is Not A Citizen Of California

11.    WinCo Holdings, Inc. is a citizen of Idaho and is not now, and was not at the time of the filing of this action, a citizen of the State of California within the meaning of 28 U.S.C. section 1332(c)(1). Pursuant to 28 U.S.C. section 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The appropriate test to determine a corporation's principal place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 599 U.S. 77, 92 (2010). Under the "nerve center" test, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters. *Id.*

12.    WinCo Holdings, Inc. is incorporated under the laws of the State of Idaho, with its principal place of business in Idaho. (Post Decl., ¶ 3.) WinCo's principal place of business is in Idaho because its "nerve center" is located in Idaho. (*Id.*) Specifically, WinCo's corporate headquarters are located exclusively in the State of Idaho, and all of WinCo's executive and administrative functions take place in Idaho. (*Id.*)

13.    Thus, at all relevant times, WinCo was a citizen of the State of Idaho. It is not now, and was not at the time of the filing of the Complaint, a citizen of the State of California.

### 3.    Doe Defendants' Citizenship Must Be Disregarded

14.    The residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *See*

DEFENDANT'S NOTICE OF REMOVAL

*Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied in CAFA removal); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (doe defendants need not join in removal). Thus, Doe defendants 1 through 10 do not deprive this Court of jurisdiction.

15.    Accordingly, because Plaintiff is a citizen of California and WinCo is not a citizen of California, diversity of citizenship exists between Plaintiffs and Defendants for purposes of CAFA.

**B.    The Number Of Putative Class Members Exceeds 100**

16.    CAFA requires that the aggregated number of members of all classes proposed in a complaint be at least 100. 28 U.S.C. § 1332(d)(5)(B).

17.    Plaintiff seeks relief on behalf of a putative class comprised of "[a]ll persons currently or former employed by Defendants as non-exempt employees, however titled, in Defendant's retail stores or supermarkets throughout the state of California within four (4) years prior to the filing of the Complaint in this action until the resolution of this lawsuit and whose job duties did not consist of over 50% administrative, executive or professional duties." (Ex. A, Compl., ¶ 61.)

18.    Plaintiff estimates that "the Class is estimated to be hundreds of individuals." (Ex. A, Compl., ¶ 28.) From June 8, 2018, to July 10, 2022, WinCo employed approximately 17,416 non-exempt employees throughout California. (Declaration of Brian "Duke" Rudel ("Rudel Decl."), ¶ 3.)

19.    Accordingly, the aggregated number of members of the putative class proposed by Plaintiff far exceeds the 100-member requirement.

**C.    The Amount in Controversy Exceeds $5,000,000.00**

20.    While WinCo specifically denies liability as to all of Plaintiff's claims and allegations and the ability for this action to proceed on a class basis, the amount in controversy as alleged in the Complaint exceeds $5,000,000, exclusive of interest and

85325166v.2

costs. All calculations supporting the amount in controversy are based on the Complaint's allegations (along with other documents as identified herein), assuming, without any admission, the truth of the allegations and assuming liability (which WinCo disputes) is established. Likewise, these calculations are based on the putative class alleged in the Complaint and in no way indicate that class treatment is appropriate in this case, or that Plaintiff has standing to represent any such class, or that the class proposed would meet the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure. WinCo expressly reserves the right to challenge, among other things, Plaintiff's claims and allegations, adequacy and standing to represent any class, class definitions, and calculation of damages in all respects.

21.     In calculating the amount in controversy under CAFA, the claims of the individual members of a putative class are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep, S. Rep. No. 109-14, at 42 (2005). Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case… . Overall, § 1332(d) was intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

22.     To establish that the amount in controversy exceeds the jurisdictional amount, the defendant need only make a plausible claim that the amount in controversy

DEFENDANT'S NOTICE OF REMOVAL

exceeds that amount. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014). Here, Plaintiff alleges that the "California Superior Court also has jurisdiction in this matter because the individual claims of the Class Members described herein are presently believed to be under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate potential damages and recovery by all of the claims of the Plaintiff's Class, including attorneys' fees, placed in controversy by Plaintiffs' class-wide claims, is presently believed to be under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005." (Ex. A, Complaint, ¶ 11.) However, the United States Supreme Court and the Ninth Circuit have made clear that a plaintiff cannot evade federal jurisdiction by merely alleging that the amount in controversy falls below the jurisdictional minimum. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594–96 (2013); *Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975, 978-82 (9th Cir. 2013).

23.    Courts may assume a 100% violation rate in calculating the amount in controversy for removal purposes when a more precise calculation is not apparent on the face of the complaint. *See e.g. Altamirano v. Shaw Indus.*, No. C–13–0939 EMC, 2013 WL 2950600, *11-12 (N.D. Cal. June 14, 2013) ("Plaintiff's allegations about the pervasiveness of the policies" justified 100% violation rates.); *Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1150 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate."); *Muniz v. Pilot Travel Centers LLC.*, No. S-07-0325, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) ("Plaintiff is the 'master of [his] claim[s],' and if [he] wanted to avoid removal, [he] could have alleged facts specific to [his] claims which would narrow the scope of the putative class or the damages sought" to indicate a violation rate smaller than 100%.).

24.    Here, Plaintiff seeks to assert eight class claims under various provisions of the California Labor Code and the Unfair Competition Law and seeks general damages/restitution, special damages/lost wages, penalties, injunctive relief, prejudgment

DEFENDANT'S NOTICE OF REMOVAL

85325166v.2

interest, attorneys' fees, and costs on behalf of herself and the putative class. Based on a review of employment records, and even making the most conservative calculations, the amount in controversy on Plaintiff's putative class claims far exceeds the $5,000,000.00 jurisdictional amount.

### 1.  Waiting Time Penalties - Labor Code § 203 (Seventh Cause of Action)

25.    Plaintiff alleges that WinCo failed to timely pay Plaintiff and putative class members all wages due upon separation of employment. (Ex. A, Compl. ¶¶ 55–57, 118–120.) Labor Code § 203(a) states that the wages of an employee who quits "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

26.    The statute of limitations for recovery of waiting time penalties under Labor Code § 203 is three years. *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1401 (2010) (holding that a three year statute of limitations applied to § 203 claims).

27.    From June 8, 2019, through July 10, 2022, the employment of approximately 8,937 WinCo non-exempt employees ended. (Rudel Decl., ¶ 6.) The average hourly rate for these putative class members during this time period was approximately $14.60 per hour. (*Id.*) The lowest hourly rate of pay earned by these putative class member was $12.10 per hour. (*Id.*) Employees typically worked shifts between 7 to 7.5 hours each workday. (*Id.*, at ¶ 7.)

28.    Even assuming an hourly rate of $10.00 per hour and that the non-exempt employees were regularly scheduled for only 4-hour shifts, even though the majority of the employees worked shifts longer than 4 hours, a reasonable estimate of the amount in controversy for section 203 penalties is **$10,724,400.00** [$10 per hour x 4 hours/day x 30 days x 8,937 former putative class members]. (*See id.*, ¶ 7.)

29.    Therefore, based on the allegations in the Complaint, Plaintiff's Labor Code section 203 claim, by itself, satisfies the jurisdictional amount in controversy.

DEFENDANT'S NOTICE OF REMOVAL

85325166v.2

### 2.    Labor Code § 226 (Eighth Cause of Action)

30.    Plaintiff alleges that in violation of Labor Code section 226(a), WinCo failed to furnish accurate itemized wage statements to Plaintiff and the putative class members. (Ex. A, Compl. ¶¶ 53–54, 125–128.) Labor Code § 226(e) provides an employee a minimum of $50.00 for the initial pay period in which a violation occurs, and $100.00 for each further pay period in which a violation occurs, up to a maximum penalty of $4,000.00 per employee. The statute of limitations for penalties under Labor Code section 226 is one year. Cal. C.C.P. § 340(a).

31.    WinCo employed approximately 9,781 hourly employees in California from June 8, 2021, to July 10, 2022. (Rudel Decl. at ¶ 4.)  The total number of pay periods for these employees during this time period is 159,982. (*Id.*) As a result, a reasonable exposure estimate for Plaintiff's inaccurate wage statement claim is **$15,509,150.00** [(9,781 employees x $50 per employee for the initial violation) + ((159,982 total pay periods - 9,781 initial pay periods) x $100), up to $4,000 per employee].

32.    Therefore, based on the allegations in the Complaint, Plaintiff's Labor Code section 226 claim, by itself, satisfies the jurisdictional amount in controversy.

### 3.    Meal Period Claims (Fourth Cause of Action)

33.    Plaintiff contends that "Defendant frequently failed to provided Plaintiff and the Class Members timely, legally complaint [*sic*] uninterrupted 30-minute meal period on shifts over five hours as required by law." (Ex. A, Compl., ¶ 39.) Plaintiff claims that "Defendant's company-wide meal and rest break policy mandated that Class Members were prohibited from leaving the retail store without permission form a store manager." (*Id.* at ¶ 41.) The statute of limitation for a meal period claim is three years, arguably extended to four years due to the unfair competition law claim.

34.    From June 8, 2018 to July 10, 2022, the total number of workweeks worked by the putative class members was approximately 1,180,275. Plaintiff included no limitation on the number of violations and, in fact, her allegations support that she is contending that she and the putative class members were not provided with compliant

DEFENDANT'S NOTICE OF REMOVAL

meal periods each workday. However, even based on a conservative estimate that each putative class member failed to receive a compliant-meal period only **once** each workweek and was paid a meal period premium of $10 per hour for each purported violation[1], the putative class meal period damages from June 8, 2018, to July 10, 2022 is approximately **$11,802,750.00.** [$10 per hour x 1 violations x 1,180,275 workweeks]. (Rudel Decl., ¶ 5.)

### 4.   Rest Period Claims (Third Cause of Action)

35.    Plaintiff alleges that "Plaintiff and the Non-Exempt Employees were systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof." (Ex. A, Compl., ¶ 49.) Plaintiff claims "Defendant maintained and enforced scheduling practices, policies, and imposed work demands that frequently required Plaintiff and Class Members to forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof." (*Id.* at ¶ 50.) Further, Plaintiff contends that WinCo maintained an allegedly unlawful "policy that Class Members are not permitted to leave the store interior on a rest break without permission from management." (*Id*. at ¶ 43.) The statute of limitation for a rest break claim is three years, arguably extended to four years due to the unfair competition law claim.

36.    From June 8, 2018 to July 10, 2022, the total number of workweeks worked by the putative class members was approximately 1,180,275. Plaintiff included no limitation on the number of violations and, in fact, her allegations support that she is contending that she and the putative class members did not receive all compliant rest breaks each workday. However, even based on a conservative estimate that each putative class member failed to receive compliant rest periods only **once** each workweek and was paid a rest period premium of $10 per hour for each purported violation[2], the putative

---

[1] The hourly rate of pay earned by non-exempt employees during this time period ranged between $11.00 per hour and $32.06 per hour, with an average hourly rate of $16.03. (Rudel Decl., ¶ 5.)

[2] See footnote 1.

85325166v.2

class rest period damages from June 8, 2018 to July 10, 2022 is approximately **$11,802,750.00.** [$10 per hour x 1 violations x 1,180,275 workweeks]. (Rudel Decl., ¶ 5.)

### 5. Plaintiff's Remaining Claims (First, Fourth, Seventh, and Eighth Causes of Action)

37. As set forth above, Plaintiff's first, fourth, seventh, and eighth causes of action—independently and collectively—far exceed the minimum jurisdictional amount in controversy. Consideration of Plaintiff's remaining claims (failure to pay all wages owed, including overtime; failure to timely pay wages owed during employment; failure to reimburse necessary expenses; and unfair competition) thus would only extend the degree to which the amount in controversy threshold is exceeded.

38. Thus, while the jurisdictional amount in controversy is met when considering just the waiting time penalties, inaccurate wage statement, meal period, or rest period claims, if all of Plaintiff's claims are included, the amount in controversy would far exceed the $5,000,000 jurisdictional threshold.

### 6. Attorneys' Fees

39. Plaintiff additionally seeks attorneys' fees. (Ex. A, Compl. Prayer for Relief.) *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.").

40. A reasonable estimate of fees likely recoverable may be used in calculating the amount in controversy. *See Longmire v. HMS Host USA, Inc.*, No. 12-cv-2203 AJB (DHB), 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.") (citing *Brady*, 243 F. Supp. 2d at

85325166v.2

1010-11); *Muniz v. Pilot Travel Ctrs. LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007) (attorneys' fees appropriately included in determining amount in controversy).

41.    In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation; courts may depart from this benchmark when warranted. *See Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach."); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *28 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, No. EDCV 07-1182, 2010 WL 2991486, at *6 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable).

42.    As set forth above, the minimum jurisdictional amount in controversy is easily met by any one of Plaintiff's second, third, fifth, or sixth cause of action, as set forth above. Consideration of attorneys' fees thus would only extend the degree to which the amount in controversy minimum is exceeded.

///

///

///

///

DEFENDANT'S NOTICE OF REMOVAL

85325166v.2

### 7.     Summary of Amount in Controversy Broken Down By Claim

43.     As set forth above and below, Plaintiff's claims for waiting time penalties, inaccurate wage statements, non-compliant meal periods, and non-compliant rest periods each independently satisfies the amount in controversy threshold for CAFA removal:

| Claim | Amount In Controversy |
|---|---|
| Labor Code § 203 Claim | $10,724,400.00 |
| Labor Code § 226 Claim | $15,509,150.00 |
| Meal Period Claim | $11,802,750.00 |
| Rest Period Claim | $11,802,750.00 |
| Unpaid wages, including overtime | Not Calculated |
| Failure to timely pay wages owed during employment | Not Calculated |
| Failure to reimburse necessary expenses | Not Calculated |
| Unfair Competition | Not Calculated |
| Sub-Total | $49,839,050.00 |
| Attorneys' Fees (25%) (based on the above calculated claims only) | $12,459,762.50 |
| Total (on the above calculated claims only) | $62,298,812.50 |

44.     Because diversity of citizenship exists, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2) and supplemental jurisdiction under 28 U.S.C. § 1367. This action is proper for removal to this Court pursuant to 28 U.S.C. § 1441(a).

## IV.     VENUE

45.     Venue lies in the United States District Court, Central District of California, pursuant to 28 U.S.C. §§ 84(c)(2), 1441 and 1446(a). This action was filed originally in the Superior Court of the State of California, County of Los Angeles. The County of Los Angeles is within the jurisdiction of the United States District Court, Central District of California.

13

85325166v.2

V.    **NOTICE OF REMOVAL**

46.    A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, pursuant to 28 U.S.C. § 1446(d).

VI.    **PRAYER FOR REMOVAL**

47.    WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: August 8, 2022                    SEYFARTH SHAW LLP


By: */s/ Phillip J. Ebsworth*
Kristina M. Launey
Timothy Rusche
Sophia S. Kwan
Phillip J. Ebsworth

Attorneys for Defendant
WINCO HOLDINGS, INC.

14

85325166v.2

**EXHIBIT A**

Electronically FILED by Superior Court of California, County of Los Angeles on 06/08/2022 05:32 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Covarrubias,Deputy Clerk

22STCV18867

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WINCO HOLDINGS, INC., an Idaho Corporation, doing business as WINCO FOODS; and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NATASHA KING, on behalf of herself and all others similarly situated,

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br><br>111 North Hill St.<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**22STCV18867** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JAMES HAWKINS APLC, 9880 Research Drive, Suite 200 Irvine, CA 92618; Tel: (949)387-7200

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: 06/08/2022 | Clerk, by | J. Covarrubias | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* WINCO HOLDINGS, INC., an Idaho Corporation, doing business as WINCO FOODS

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Kenneth Freeman

Electronically FILED by Superior Court of California, County of Los Angeles on 06/08/2022 05:32 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Covarrubias,Deputy Clerk

James R. Hawkins (SBN 192925)
Christina M. Lucio (SBN 253677)
Mitchell J. Murray (SBN 285691)
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
James@Jameshawkinsaplc.com
Christina@Jameshawkinsaplc.com

Attorneys for Plaintiff NATASHA KING,
on behalf of herself and all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

| | |
|---|---|
| NATASHA KING, on behalf of herself and all others similarly situated, | Case No. 22STCV18867 |
| | **CLASS ACTION** |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES FOR:** |
| WINCO HOLDINGS, INC., an Idaho Corporation, doing business as WINCO FOODS; and DOES 1-10, inclusive, | 1) Failure to Pay All Wages Owed, including Overtime; |
| | 2) Failure to Provide Lawful Meal Periods; |
| Defendant. | 3) Failure to Authorize And Permit Rest Periods; |
| | 4) Failure to Timely Pay Wages Owed During Employment; |
| | 5) Failure to Timely Pay Wages Owed Upon Separation from Employment; |
| | 6) Failure to Furnish Accurate Itemized Wage Statements; |
| | 7) Failure to Reimburse Necessary Expenses; and |
| | 8) Violation of the Unfair Competition Law. |
| | **DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff NATASHA KING ("Plaintiff") asserts claims against defendant WINCO HOLDINGS, INC., an Idaho corporation doing business as WINCO FOODS, and DOES 1-10, inclusive (collectively "WINCO" or "Defendant") as follows:

### INTRODUCTION

1.      This is a Class Action, pursuant to California Code of Civil Procedure section 382, on behalf of Plaintiff and any and all persons who are or were employed by Defendant in its retail stores or supermarkets as non-exempt employees, however titled, in the State of California within four (4) years prior to the filing of the Complaint in this action until the resolution of this lawsuit and whose job duties did not consist of over 50% administrative, executive or professional duties (collectively referred to as the "Class" or "Class Members" or "Non-Exempt Employees").

2.      During the "liability period," as defined as the applicable statute of limitations for each and every cause of action contained herein – i.e. Plaintiff's claims under the Unfair Competition Law is four (4) years; Plaintiff's claims for either unpaid wages or actual damages is three (3) years; and Plaintiff's claims for statutory penalties is one (1) year from the filing of this action through the present (referred to as "the liability period(s)") – Defendant consistently maintained and enforced against its Non-Exempt Employees unlawful practices and policies in violation of California state wage and hour laws, including failing to lawfully and accurately pay Plaintiff and Class Members for all hours worked, including minimum wages and overtime; failing to lawfully provide meal and rest periods; failing to pay one hour of pay at the employee's regular rate of pay when legally mandated meal or rest periods were not lawfully provided; failing to accurately pay overtime; failing to reimburse necessary expenses; failing to provide accurate itemized wage statements; and failing to keep accurate records.

3.      Defendant implemented uniform policies and practices that deprived Plaintiff and Class Members of earned wages, including minimum wages; straight time wages; overtime wages; premium wages; and lawful meal and/or rest breaks.

4.      Such actions and policies, as described above and further herein, were and continue to be in violation of the California Labor Code. Plaintiff, on behalf of herself and all Class members,

bring this action pursuant to the California Labor Code, including sections 201, 202, 203, 204, 218.5, 218.6, 221-224, 226, 226.3, 226.7, 510, 512, 516, 558, 1174, 1194, 1194.2, 1195, 1197, 1198, 2802, applicable IWC California Wage Order 7-2001, and California Code of Regulations, Title 8, section 11000 *et seq.*, seeking unpaid wages, unpaid meal and rest period compensation, unreimbursed expenses, penalties, liquidated damages, and reasonable attorneys' fees and costs.

5.    Plaintiff, on behalf of herself and others similarly situated, pursuant to Business and Professions Code sections 17200-17208, also seek restitution from Defendant for their failure to pay to Plaintiff and Class Members all of their wages, including overtime and premium wages.

## JURISDICTION AND VENUE

6.    This action is brought as a Class Action on behalf of Plaintiff and similarly situated employees of Defendant pursuant to California Code of Civ. Proc. Section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimum jurisdiction limits of the California Superior Court and will be established according to proof at trial.

7.    This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts. The statutes under which this action is brought do not give jurisdiction to any other court.

8.    This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.

9.    This Court has jurisdiction over Defendant because, upon information and belief, each Defendant is either a resident of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over them by the California Courts consistent with traditional notions of fair play and substantial justice. Defendant has done and are doing business throughout California.

10.    The unlawful acts alleged herein have a direct effect on Plaintiff and the other similarly situated Non-Exempt Employees within Los Angeles County and it is believed that Defendant have employed hundreds of Class Members as Non-Exempt Employees throughout the

1   state.

2       11.    The California Superior Court also has jurisdiction in this matter because the

3   individual claims of the Class Members described herein are presently believed to be under the

4   seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the

5   aggregate potential damages and recovery by all of the claims of the Plaintiff's Class, including

6   attorneys' fees, placed in controversy by Plaintiff's class-wide claims, is presently believed to be

7   under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005.

8   Further, there is no federal question at issue, as the issues herein are based solely on California

9   statutes and law, including the Labor Code, IWC Wage Orders, the California Code of Civil

10  Procedure, the California Civil Code, and the California Business and Professions Code.

11      12.    Venue is proper in this Court because one or more of the Defendant reside, transact

12  business, or have offices in this County, and the acts or omissions alleged herein took place in this

13  County.

14                                    **PARTIES**

15      13.    Winco Holdings, Inc., an Idaho Corporation, which does business in California as

16  Winco Foods, is in good standing and authorized to do business throughout the state. Winco

17  Holdings, Inc.'s headquarters are located at 650 N. Armstrong Pl., Boise, Idaho 83704.

18      14.    Winco Holdings, Inc. operates in California from multiple locations providing

19  supermarket products to consumers.

20      15.    Plaintiff Natasha Renee King is, and during the liability period has been, a resident

21  of California. Ms. King was employed by Defendant during the liability period as a non-exempt

22  employee in the position of Cashier at WINCO'S location at 741 W. Ave. K 4, Lancaster, CA

23  93534.

24      16.    Plaintiff and the members of the Class were employed by Defendant as non-exempt

25  employees, however titled, in Defendant's retail stores or supermarkets during the liability period.

26      17.    Whenever in this complaint reference is made to any act, deed, or conduct of

27  Defendant, the allegation means that Defendant engaged in the act, deed, or conduct by or through

one or more of Defendant's officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendant.

18.    Plaintiff are informed and believes, and thereon allege, that Defendant are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

19.    The true names and capacities of Defendant, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sue Defendant by such fictitious names under Code of Civil Procedure § 474.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

20.    Plaintiff are informed and believe, and thereon allege, that the Doe Defendant are the partners, agents, or principals and co-conspirators of Defendant and of each other; that Defendant and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendant as alleged herein.

21.    Plaintiff are further informed and believes, and thereon alleges, that at all times material herein, each Defendant was completely dominated and controlled by its co-Defendant and each was the alter ego of the other.  Whenever and wherever reference is made in this complaint to any conduct by Defendant or Defendant, such allegations and references shall also be deemed to mean the conduct of each of the Defendant, acting individually, jointly, and severally.  Whenever and wherever reference is made to individuals who are not named as Defendant in this complaint, but were employees and/or agents of Defendant, such individuals, at all relevant times acted on behalf of Defendant named in this complaint within the scope of their respective employments.

## FACTUAL ALLEGATIONS

22.    During the relevant time frame, Defendant compensated Plaintiff and the Non-

1  Exempt Employees based upon an hourly wage.

2      23.    Plaintiff and the Class Members were, and at all times pertinent hereto, have been

3  non-exempt employees within the meaning of the California Labor Code, and the implementing

4  rules and regulations of the IWC California Wage Orders. They are subject to the protections of

5  the IWC Wage Order 7-2001 and the Labor Code.

6      24.    Plaintiff King was employed as an hourly non-exempt Cashier from approximately

7  June 2018 through June 2021. At the time of her separation, Plaintiff earned $15.30 per hour.

8  Plaintiff King worked at Defendant's location in Lancaster, California.

9      25.    The members of the putative class worked as non-exempt employees of Defendant

10  in Defendant's retail stores or supermarkets throughout the state of California during the liability

11  period.

12      26.    All Class Members, including Plaintiff, are similarly situated in that they are all

13  subject to Defendant' uniform policies and systemic practices as specified herein, including

14  Defendant's Company Personnel Policies regarding, inter alia, employees' timecard recording and

15  attendance, breaks and lunch periods, and dress standards. As such, all Class Members were

16  similarly impacted by the policies and practices set forth herein.

17

18      27.    Plaintiff and Class Members were required to clock in and out for their shifts and

19  meal periods using an electronic time clock which recorded the exact time in hours, minutes, and

20  seconds (e.g., HH:MM:SS). However, Defendant improperly rounded Plaintiff and the Class

21  Members' time such that it resulted in a lower pay over time.

22      28.    Under Defendant's rounding policy and practice, Defendant compensated Class

23  Members based on their rounded time instead of actual hours worked. Such policy and practices

24  were not neutral and necessarily benefited Defendant at the expense of the Class Members.

25      29.    Defendant rounded total time worked each day to the nearest fifteen-minute interval

26  (e.g., 0 minutes (0.0), 15 minutes (0.25), 30 minutes (0.5) 45 minutes (0.75) and 60 minutes (1.0)).

27  For example, if a class member worked a total of 8 hours, 7 minutes, and 55 seconds, the class

28  member's total time worked would be rounded down to the previous minute (8 hours and 7 minutes)

which would then be rounded down to 8 hours.

30.    Defendant's rounding policy and practice is not neutral on its face because it systematically undercompensates employees by always rounding total seconds down to the previous minute. Therefore, if a Class Member worked 8 hours, 7 minutes, and 55 seconds, instead of rounding the class member's time up to 8 hours and 8 minutes, and therefore up to 8 hours and 15 minutes, Defendant rounded down to 8 hours and 7 minutes, and therefore down to 8 hours. This system of rounding seconds to the previous minute, when combined with Defendant's fifteen-minute interval rounding, results in a gain for Defendant for all actual time worked ending between 7 minutes and 8 minutes, 22 minutes and 23 minutes, 37 and 38 minutes, and 52 and 53 minutes. In other words, the seconds that are rounded down to the previous minute during those time intervals always result in a net gain to Defendant and a net loss to Class Members.

31.    As a further result of Defendant's rounding policy and practices, Defendant did not pay overtime to Class Members for overtime hours worked between 8 hours and 8 hours, 7 minutes, and 59 seconds. In other words, Defendant's rounding policy and practice never provided overtime pay when it was not owed, but sometimes failed to pay overtime pay when it was owed.

32.    The precision of the time requirements set out in Labor Code section 510 and IWC wage order 7-2001- any work in excess of eight hours in one workday and any work in excess of 40 hours in any workweek – is at odds with the imprecise calculations that rounding involves. *See Donohue v. AMN Services, LLC* (2021) 11 Cal.5th 58, 68 (In the meal period context under Lab. Code, §§ 512, 226.7, employers cannot round time punches because the meal period provisions are designed to prevent even minor infringements on meal period requirements, and rounding is incompatible with that objective).

33.    In conjunction with Defendant's companywide practice of scheduling 8-hour shifts, Defendant's rounding policy and practices were not fair and neutral on their face and resulted, over a period of time, in a failure to compensate Plaintiff and Class Members for all the time they actually worked.

34.    Upon information and belief, Defendant's electronic timekeeping and payroll

systems are capable of using Class Member's actual times instead of rounded times to calculate Class Member's compensation. To the extent that Defendant argues that, even if their time-rounding practice results in underpayment of wages, the unpaid time is "de minimis" and therefore not compensable, this would violate the California Supreme Court's ruling in *Troester v. Starbucks*, 5 Cal.5th 829 (2018) that the de minimis doctrine adopted under the federal Fair Labor Standards Act (FLSA) does not apply to California employers.

35.    Plaintiff and, upon information and belief, Class Members worked in excess of eight (8) hours a day and/or over forty (40) hours in a workweek, but were not properly paid for such time at a rate of time and one-half the employee's regular rate of pay per hour. For example, Plaintiff worked in excess of eight (8) hours a day and/or forty (40) hours in a workweek, in the pay periods ending January 9, 2021; February 6, 20, 2021; March 6, 20, 2021; April 3, 17, 2021; May 1, 15, 29, 2021; and June 12, 2021.

36.    In addition, Plaintiff and, upon information and belief, Class Members received bonuses or incentives ("bonus") which were not included in their regular rate of pay for purposes of calculating overtime. The only requirement to be eligible for the bonus was that the employee be hired before a certain date, have hours worked in the bonus period, and be actively employed at the time the bonus was distributed and therefore was a non-discretionary bonus.

37.    For example, Plaintiff was paid a bonus of $300.00 during the pay period from April 22, 2021 to May 5, 2021. However, the bonus was not included in Plaintiff's regular rate of pay for the .9 day overtime hours she worked during the same pay period or for the overtime hours she worked during the 26 pay periods in which the bonus was earned.

38.    Further, Plaintiff and Class Members were not compensated for the time that they were required to work off the clock.  This off the clock work included answering work communications outside of scheduled shifts, and pre-shift activities such as COVID-19 questionnaires. Defendants failed to compensate Plaintiff and Class Members for their time spent off the clock, some of which may have been overtime.

39.    Plaintiff and Class Members worked shifts in excess of five hours without being

1   provided a lawful meal period and over ten hours in a day without being provided a second lawful

2   meal period as required by law. Indeed, during the relevant time, as a consequence of Defendant's

3   staffing and scheduling practices, lack of coverage, work demands, and Defendant's policies and

4   practices, Defendant frequently failed to provide Plaintiff and the Class Members timely, legally

5   complaint uninterrupted 30-minute meal periods on shifts over five hours as required by law.

6       40.    For example, Plaintiff was not provided a meal period on May 16, 2021. Plaintiff

7   worked over 5 hours on this day and did not waive her meal period.  Plaintiff was also not provided

8   a timely meal period on March 3, 2021 or March 7, 2021.

9       41.    Moreover, Defendant's company-wide meal and rest break policy mandated that

10  Class Members were prohibited from leaving the retail store without prior permission from a store

11  manager. Specifically, Defendant's Company Personnel Policies states that "Retail employees are

12  not permitted to leave the store interior on a rest break without permission from management."

13  Plaintiff and, upon information and belief, Class Members are required to sign the Company

14  Personnel Policies acknowledging their understanding that "I understand what the policies mean,

15  and agree to comply with them, as well as any other Company rules and policies. I understand that

16  violation of such policies and rules may be sufficient cause for disciplinary actions, up to and

17  including immediate discharge."

18      42.    If a store manager was unavailable or could not be readily located, Plaintiff and,

19  upon information and belief, Class Members were impeded and/or discouraged from leaving the

20  store for meal and/or rest breaks.

21      43.    In addition, Defendant's policy that Class Members are not permitted to leave the

22  store interior on a rest break without permission from management violates *Brinker Restaurant*

23  *Corp. v. Superior Court*, 53 Cal.4th 1004 (2012) and *Augustus v. ABM Security Services, Inc.*, 2

24  Cal.5th 257 (2016) because Defendant fails to relinquish all control over the activities of Class

25  Members during breaks.

26      44.    In addition, Defendant's Company Personnel Policies mandated that Class Members

27  were prohibited from leaving their post or position to take a meal or rest break without prior

28  permission from a store manager. This also impeded or discouraged Plaintiff, and upon information

1  and belief, Class Members for taking meal and rest breaks.

2      45.    Per Defendant's documents, its companywide policy is that the break period begins
3  when leaving the work post and ends when returning to the work post. Employees were not
4  permitted to leave the retail store interior without the permission of store management or the person
5  in charge of the store.  Employees were required to complete customer transactions before taking
6  breaks.  This also impeded or discouraged Plaintiff, and upon information and belief, Class
7  Members for taking meal and rest breaks.  Upon information and belief, Defendant lacked a
8  compliant meal and rest period policy advising Class Members of their meal and rest periods rights
9  under California law including the number and timing of meal and rest periods. Because
10  Defendant's meal and rest period policy required Class Members to remain on premises during
11  unpaid meal periods, they were under Defendant's control and thus should have been compensated
12  for those hours.

13      46.    On information and belief, Plaintiff and Class Members did not waive their rights to
14  meal periods including second meal periods under the law.

15      47.    Despite the above-mentioned meal period violations, Defendant failed to
16  compensate Plaintiff, and on information and belief, failed to compensate Class Members, one
17  additional hour of pay at their regular rate as required by California law when meal periods were
18  not timely or lawfully provided in a compliant manner.

19      48.    Plaintiff are informed and believes, and thereon alleges, that Defendant know,
20  should know, knew, and/or should have known that Plaintiff and the other Class Members were
21  entitled to receive premium wages based on their regular rate of pay under Labor Code §226.7 but
22  were not receiving such compensation.

23      49.    In addition, during the relevant time frame, Plaintiff and the Non-Exempt
24  Employees were systematically not authorized and permitted to take one net ten-minute paid, rest
25  period for every four hours worked or major fraction thereof, which is a violation of the Labor Code
26  and IWC wage order 7-2001.

27      50.    Defendant maintained and enforced scheduling practices, policies, and imposed

28

work demands that frequently required Plaintiff and Class Members to forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof. Such requisite rest periods were not timely authorized and permitted.

51.     Despite the above-mentioned rest period violations, Defendant did not compensate Plaintiff, and on information and belief, did not pay Class Members one additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which lawful rest periods were not authorized and permitted.

52.     In addition, Plaintiff and the Class Members were required to incur necessary expenses in the discharge of their duties, including for cellular phone related costs, but were not reimbursed for such costs—including, but not limited to, uniforms and maintenance of uniforms.

53.     Defendant also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members in part because of the above specified violations. In addition, upon information and belief, Defendant omitted an accurate itemization of total hours worked, gross pay and net pay figures from Plaintiff and the Class Members' wage statements as a result of Defendant's failure to pay minimum wages for all hours worked based on an improper rounding practice, failure to overtime wages for all overtime hours worked based on an improper rounding practice, failure to accurately calculate the regular rate of pay for overtime purposes, failure to pay meal and rest period premiums and failure to pay waiting time penalties.

54.     Defendant has also made it difficult to determine applicable rates of pay and account with precision for the unlawfully withheld wages and deductions due to be paid to Non-exempt Employees, including Plaintiff, during the liability period because they did not implement and preserve a lawful record-keeping method to record all hours worked, meal periods, and non-provided rest and meal periods owed to employees as required for non-exempt employees California Labor Code section 226, and applicable California Wage Orders.

55.     Plaintiff are informed and believes, and thereon alleges, that at all times herein mentioned, Defendant knew that at the time of termination of employment (or within 72 hours

thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiff and Class Members for all wages owed including minimum wages, straight time wages, overtime, meal and rest period premiums, and that Defendant had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

56. Plaintiff is informed and believes and thereon alleges that Defendant failed to pay Class Members all wages earned and unpaid upon termination or resignation, including but not limited to all unpaid straight time pay, overtime pay, and double time pay caused by Defendant's improper rounding, all underpaid overtime pay, double time pay, and sick pay caused by Defendant's failure to properly calculate the regular rate of pay, and all unpaid meal and rest period premiums.

57. Defendant terminated Plaintiff's employment and therefore all unpaid wages were due and payable immediately to Plaintiff. However, Defendant failed to pay all wages earned and unpaid to Plaintiff, including but not limited to all unpaid straight time pay, overtime pay, and double time pay caused by Defendant's improper rounding, all underpaid overtime pay, double time pay, and sick pay caused by Defendant's failure to properly calculate the regular rate of pay, and all unpaid meal and rest period premiums.

58. Plaintiff and the Class Members are covered by applicable California IWC Wage Orders and corresponding applicable provisions of the California Code of Regulations, Title 8, section 11000 *et seq*.

## CLASS ACTION ALLEGATIONS

59. Plaintiff brings this action on their own behalf, as well as on behalf of each and every other person similarly situated, and thus, seeks class certification under California Code of Civil Procedure §382.

60. All claims alleged herein arise under California law for which Plaintiff seeks relief as authorized by California law.

61. The proposed Class is comprised of and defined as: All persons currently or

formerly employed by Defendants as non-exempt employees, however titled, in Defendant's retail stores or supermarkets throughout the state of California within four (4) years prior to the filing of the Complaint in this action until the resolution of this lawsuit and whose job duties did not consist of over 50% administrative, executive or professional duties (**"Plaintiff Class" or "Class"**).

62.     Plaintiff also seeks to represent Subclasses included in the Plaintiff's Class, which are composed of Class Members satisfying the following definitions:

a.      All Class Members who were not paid at least minimum wage for all hours worked (the **"Minimum Wage Subclass"**);

b.      All Class Members who lost compensation as a result of Defendant's unlawful rounding practice (the **"Rounding Subclass"**)

c.      All Class Members who were not accurately paid overtime for hours worked over eight in a day or over forty in a workweek (the **"Overtime Subclass"**);

d.      All Class Members who worked more than five (5) hours in a workday and were not provided with a timely, uninterrupted lawful meal period of net thirty (30) minutes, and were not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof (the **"First Meal Period Subclass"**);

e.      All Class Members who worked more than ten (10) hours in a workday and were not provided with a timely, uninterrupted lawful second meal period of net thirty (30) minutes, and were not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof (the **"Second Meal Period Subclass"**);

f.      All Class Members who worked more than three and a half hours in a workday and were not authorized and permitted to take a lawful net 10-minute rest period for every four (4) hours or major fraction thereof worked per day and were not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof (the **"Rest Period Subclass"**);

g.      All Class Members who did not receive all owed wages at the time of separation or within 72 hours in the case of resignation (hereinafter collectively referred to as the **"Waiting Time Subclass"**);

h.      All Class Members who were not reimbursed for necessary business expenses (hereinafter collectively referred to as the "**Indemnification Subclass**");

i.      All Class Members who were not provided with accurate and complete itemized wage statements (hereinafter collectively referred to as the "**Inaccurate Wage Statement Subclass**");

j.      All Class Members who were employed by Defendant and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "**Unfair Business Practices Subclass**").

63.     Plaintiff reserves the right, under Rule 3.765, California Rules of Court, to amend or modify the descriptions of the Class and Subclasses to provide greater specificity as appropriate, or if it should be deemed necessary by the Court or to further divide the Class Members into additional Subclasses or to limit the Subclasses to particular issues. Any reference herein to the Class Members or the Plaintiff's Class includes the members of each of the Subclasses.

64.     As set forth in further detail below, this action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation, and the proposed Class and Subclasses are easily ascertainable through Defendant's records.

a.      <u>Numerosity</u>: The members of the Class and Subclasses are so numerous that joinder of all members of the Class and Subclasses would be unfeasible and impractical. The membership of the entire Class and Subclasses is unknown to Plaintiff at this time, however, the Class is estimated to be hundreds of individuals. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges Defendant's employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

b.      The proposed class is easily ascertainable. The number and identity of the class members are determinable from Defendant's payroll records and time records for each class member.

      c.   <u>Commonality:</u> There are common questions of law and fact as to the Class and Subclasses that predominate over questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

      1)  Whether Defendant paid Class Members at least minimum wage for all hours worked;

      2)  Whether Defendant's rounding policy resulted in under compensation to Class Members;

      3)  Whether Defendants' rounding policy resulted in failure to pay minimum wages for all hours worked;

      4)  Whether Defendants' rounding policy resulted in a failure to pay overtime for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week;

      5)  Whether Defendant accurately calculated and paid all Class Members overtime premiums for the hours which Plaintiff and Class Members worked in excess of eight (8) hours per day and/or forty (40) hours per week;

      6)  Whether Defendant had a policy and practice of providing lawful, timely meal periods in accordance with Labor Code § 512, as well as the applicable Industrial Welfare Commission ("IWC") wage order;

      7)  Whether Defendant on-duty meal periods were lawful;

      8)  Whether Defendant required employees to remain on the premises during meal periods;

      9)  Whether Defendant relieved employees of all duty for meal breaks as required by law;

      10) Whether Defendant relieved employees of all duty for rest breaks as required by law;

      11) Whether Defendant had a policy and practice of complying with Labor Code section 226.7 and IWC Wage Order on each instance that a lawful meal period was not provided;

12) Whether Defendant failed to authorize and permit a lawful, net 10-minute rest period to the Class Members for every four (4) hours or major fraction thereof worked;

13) Whether Defendant required employees to remain on the premises during rest periods;

14) Whether Defendant had a policy and practice of complying with Labor Code section 226.7 and the IWC Wage Order on each instance that a lawful rest period was not provided;

15) Whether Defendants failed to reimburse Class Members for necessary business expenses in accordance with Labor Code section 2802;

16) Whether Defendant failed to timely pay all wages upon separation in accordance with Labor Code sections 201-202;

17) Whether Defendant omitted required information from itemized wage statements;

18) Whether Defendant failed to maintain accurate records of Class Members' earned wages, work periods, meal periods and deductions;

19) Whether Defendant engaged in unfair competition in violation of section 17200 et seq. of the Business and Professions Code;

20) Whether Defendant' conduct was willful and/or reckless;

21) Whether Defendant failed to provide accurate itemized wage statements in violation of Labor Code § 226; and

22) The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendant' violations of California law.

d.      Typicality: Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and Subclasses with whom they have a well-defined community of interest. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclasses in separate actions. All members of the Class and/or Subclasses have been similarly harmed by Defendant's failure to

1  provide lawful meal and rest periods, failure to provide accurate wage statements, failure to timely

2  pay wages at termination, failure to pay minimum wages, and failure to accurately pay all wages

3  earned including all owed premium and overtime wages, all due to Defendant's policies and

4  practices that affected each member of the Class and/or Subclasses similarly. Further, Defendant

5  benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or

6  Subclasses.

7            e.       Adequacy: Plaintiff is qualified to, and will fairly and adequately protect the

8  interests of each member of the Class and/or Subclasses with whom he has a well-defined

9  community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that

10 he has an obligation to make known to the Court any relationships, conflicts, or differences with

11 any member of the Class and/or Subclasses, and no such relationships or conflicts are currently

12 known to exist. Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are

13 versed in the rules governing class action discovery, certification, litigation, and settlement and

14 experienced in handling such matters. Other former and current employees of Defendant may also

15 serve as representatives of the Class and Subclasses if needed.

16           f.       Superiority: The nature of this action makes the use of class action

17 adjudication superior to other methods. A class action will achieve economies of time, effort,

18 judicial resources, and expense, which would not be achieved with separate lawsuits. The

19 prosecution of separate actions by individual members of the Class and/or Subclasses would create

20 a risk of inconsistent and/or varying adjudications with respect to the individual members of the

21 Class and/or Subclasses, establishing incompatible standards of conduct for the Defendant, and

22 resulting in the impairment of the rights of the members of the Class and/or Subclasses and the

23 disposition of their interests through actions to which they were not parties. Thus, a class action is

24 superior to other available means for the fair and efficient adjudication of this controversy because

25 individual joinder of all Class Members is not practicable, and questions of law and fact common

26 to the Class predominate over any questions affecting only individual Class Members. Each

27 member of the Class has been damaged and is entitled to recovery by reason of Defendant's

unlawful policies and practices, including Defendant's failure to provide lawful meal and rest periods, failure to pay minimum wages, failure to provide accurate wage statements, failure to timely pay wages at termination, and failure to accurately pay all wages earned including all owed premium and overtime wages, all due to Defendant's policies and practices that affected each member of the Class and/or Subclasses similarly. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for both parties and the judicial system.  Plaintiff are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

g.    Public Policy Considerations: Employers in the state of California violate employment and labor laws every day.  However, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear of retaliation or damage. Additionally, the citizens of California have a significant interest in ensuring employers comply with California's labor laws and in ensuring those employers who do not are prevented from taking further advantage of their employees.

## CLASS ACTION CLAIMS

### FIRST CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES OWED, INCLUDING OVERTIME

### (By Plaintiff and the Minimum Wage, Rounding, and Overtime Subclasses Against Defendant)

65.    Plaintiff incorporates by reference each and every paragraph above, and reallege each and every allegation contained above as though fully set forth herein.

66.    At all times relevant, Labor Code §1194 provides that any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or

1    overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

2        67.    Labor Code §1197 states: "The minimum wage for employees fixed by the

3    commission is the minimum wage to be paid to employees, and the payment of a less wage than

4    the minimum so fixed is unlawful."

5        68.    Cal. Lab. Code § 1198 further states that the employment of an employee for longer

6    hours than those fixed by the Industrial Welfare Commission is unlawful.

7        69.    The IWC Wage Order 7-2001 similarly require that employees be paid on the

8    established payday for the period involved, not less than the applicable minimum wage for all hours

9    worked in the payroll period, whether the remuneration is measured by time, piece, commission,

10   or otherwise.

11       70.    At all times relevant, pursuant to Labor Code section 510, 1194, and the IWC

12   wage order 7-2001 applicable to Plaintiff's and the Class Members' employment by Defendant

13   provided that employees working for more than eight (8) hours in a day or forty (40) hours in a

14   work week are entitled to overtime compensation at the rate of one and one-half times the *regular*

15   *rate of pay* for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work

16   week.  An employee who works more than twelve (12) hours in a day or in excess of eight (8)

17   hours in a day on the seventh day of work in a particular work week is entitled to overtime

18   compensation at a rate of twice the *regular rate of pay*.

19       71.    The IWC Wage Order 7-2001 define "hours worked" as "the time during which an

20   employee is subject to the control of an employer, and includes all the time the employee is

21   suffered or permitted to work, whether or not required to do so."

22

23       72.    As a consequence of Defendant's rounding policy and failure to properly calculate

24   and pay overtime and sick leave based upon the regular rate, Plaintiff and the Class Members

25   were systematically undercompensated and were paid less than all wages earned for all hours

26   worked.

27

28

73.    In addition, because Defendant's meal and rest period policy required Class Members to remain on premises during unpaid meal periods, they were under Defendant's control and thus should have been compensated for those hours.

74.    In addition, Plaintiff and the Class Members worked in excess of eight (8) hours in a day and/or forty (40) hours in a week, and on occasion over twelve hours in a day or over eight hours on the seventh day of work in a particular workweek without being paid all wages owed as required by law.

75.    Further, Plaintiff and Class Members were not compensated for the time that they were required to work off the clock. This off the clock work included answering work communications outside of scheduled shifts, and pre-shift activities such as COVID-19 questionnaires. Defendants failed to compensate Plaintiff and Class Members for their time spent off the clock, some of which may have been overtime.

76.    Upon information and belief, Defendant knew or should have known Plaintiff and the Class Members were undercompensated.

77.    Defendant' failure to pay Plaintiff and Class Members the unpaid balance of wages owed violates the provisions of Labor Code §510, §1194, §1197, §1198, and the applicable IWC wage order 7-2001 and is therefore unlawful.

78.    Accordingly, Defendant owe Plaintiff and Class Members wages, including minimum wages and overtime wages, and have failed and refused, and continue to fail and refuse, to pay Plaintiff and Class Members the wages owed.

79.    Pursuant to Labor Code §1194, Plaintiff and Class Members are entitled to recover their unpaid compensation, as well as interest, costs, and attorneys' fees.

80.    In addition, pursuant to Labor Code §1194.2(a), Plaintiff and the Class Members are entitled to "recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

81.    Also, pursuant to Labor Code §1197.1, Plaintiff and the Class Members are entitled to claim all applicable civil penalties as a direct result of Defendant's policy and practice

of paying a wage less than the minimum fixed by an order of the commission.

82.   Accordingly, Plaintiff and Class Members are entitled to recover their unpaid wages, including minimum wages, overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE LAWFUL MEAL PERIODS

#### (By Plaintiff and the Meal Period Subclasses Against All Defendant)

83.   Plaintiff incorporates by reference and reallege each and every allegation contained above, as though fully set forth herein.

84.   Pursuant to Labor Code § 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.

85.   Similarly, pursuant to Labor Code § 512, no employer shall employ an employee for a work period of more than ten (10) hours without providing a second meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. A second meal break may only be waived by mutual consent, and if the employee did not waive his or her first meal period, and the employee's work day will not exceed twelve hours.

86.   For the four (4) years preceding the filing of this lawsuit, Defendant failed to provide Plaintiff and Class Members timely and uninterrupted first meal periods of not less than thirty (30) minutes within the first five hours of a shift.

87.   For the four (4) years preceding the filing of this lawsuit, Defendant also failed to provide Plaintiff and Class Members timely and uninterrupted second meal periods of not less than thirty (30) minutes on shifts longer than ten hours.

88.   Indeed, during the relevant time, as a consequence of Defendant's staffing and scheduling practices, lack of coverage, work demands, and Defendant's policies and practices,

1   Plaintiff and the Class Members were not provided with legally required meal periods.

2      89.   On information and belief, Plaintiff and Class Members did not waive their rights to

3   meal periods under the law.

4      90.   Plaintiff and the Class Members were not provided with valid lawful on-duty meal

5   periods.

6      91.   Pursuant to Defendant's meal and rest period policy, Plaintiff and the Class

7   Members were not allowed to leave the premises during meal periods without prior permission

8   from a store manager.

9      92.   Moreover, Plaintiff were not permitted to leave their posts to take meal periods

10  without prior permission from a store manager.

11     93.   By requiring Class Members to remain on premises during meal periods unless

12  expressly permitted by a store manager, Defendant impeded and discourages Class Members from

13  taking meal periods.  In addition, by controlling where they could take their meal periods,

14  Defendants failed to relinquish all control over Class Members.

15     94.   Further, as a consequence of Defendant's policies and practices, Defendant's failed

16  to relieve employees of all duty and employer control for 30 uninterrupted minutes for meal periods

17  as required by law.

18     95.   Plaintiff and the Class Members were not paid one hour of pay at their regular rate

19  for each day that a first or second meal period was not lawfully provided.

20     96.   As a proximate result of the aforementioned violations, Plaintiff and the Class

21  Members have been damaged in an amount according to proof at time of trial.

22     97.   Pursuant to <u>Labor Code</u> § 226.7, Plaintiff and Class Members are entitled to recover

23  one (1) hour of premium pay for each day in which a meal period violation occurred.  They are also

24  entitled to recover reasonable attorneys' fees, cost, interest, and penalties as applicable.

25     98.   As a result of the unlawful acts of Defendant, Plaintiffs and the Class they seek to

26  represent have been deprived of premium wages in amounts to be determined at trial, and are

27  entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs,

28

COMPLAINT

1  under Labor Code sections 218.6, 226.7, 512 and the applicable IWC Wage Order 7-2001, and

2  Civil Code section 3287.

### THIRD CAUSE OF ACTION

<u>**FAILURE TO AUTHORIZE AND PERMIT LAWFUL REST PERIODS**</u>

**(By Plaintiff and the Rest Period Subclass Against All Defendant)**

99.  Plaintiff incorporates by reference and reallege each and every allegation contained above, as though fully set forth herein.

100.  Pursuant to the IWC wage order 7-2001 applicable to Plaintiff's and Class Members' employment by Defendant, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.... [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof.... Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages."

101.  Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

102.  Defendant were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods during shifts in excess of 3.5 hours, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages.

103.  Despite said requirements of the IWC wage order 7-2001 applicable to Plaintiff's and Class Member's employment with Defendant, Defendant failed and refused to authorize and permit Plaintiff and Class Members to take lawful, net ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

104.  In addition, Plaintiff and the Class Members were not allowed to leave the premises during rest periods.

105.    Further, as a consequence of Defendant's policies and practices, Defendant's failed to relieve employees of all duty and employer control for a net ten minutes for rest periods as required by law.

106.    Defendant did not pay Plaintiff one additional hour of pay at their regular rate of pay for each day that a rest period violation occurred. On information and belief, the other members of the Class endured similar violations as a result of Defendant's rest period policies and practices and Defendant did not pay said Class Members premium pay as required by law.

107.    By their failure to authorize and permit Plaintiff and the Class Members to take a lawful, net ten (10) minute rest period free from work duties every four (4) hours or major fraction thereof worked, including failure to provide two (2) total rest periods on six to ten hour shifts and three (3) total ten (10) minute rest periods on days on which Plaintiff and the other Class Members work(ed) work a third rest period for shifts in excess of ten (10) hours, and by their failure to provide compensation for such unprovided rest periods as alleged herein, Defendant willfully violated the provisions of Labor Code sections 226.7 and the applicable IWC Wage Order 7-2001.

108.    As a result of the unlawful acts of Defendant, Plaintiff and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, the applicable IWC Wage Orders, and Civil Code 3287.

## FOURTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES DUE AND PAYABLE DURING EMPLOYMENT

### (By Plaintiff and the Class Against All Defendants)

109.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

110.    Labor Code section 204 requires that all wages are due and payable twice in each calendar month.

111.    The wages required by Labor Code §§226.7, 510, 1194, and other sections became due and payable to each employee in each month that he or she was not provided with a meal period or rest period or paid minimum wage, straight or overtime wage to which he or she was entitled.

112.    Defendants violated Labor Code §204 by systematically refusing to pay wages due under the Labor Code.

113.    Labor Code section 210(a) provides that "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follows:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

114.    As a result of the unlawful acts of Defendants, Plaintiff and the Class she seeks to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, penalties, plus interest thereon, attorneys fees, and costs, pursuant to Labor Code § 210, 218.5, 218.6, 510, 1194.

## FIFTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES OWED AT SEPARATION

### (By Plaintiff and the Waiting Time Subclass Against All Defendant)

115.    Plaintiff incorporates by reference and reallege each and every allegation contained above, as though fully set forth herein.

116.    Labor Code §§ 201 and 202 require Defendant to pay their employees all wages due within seventy-two (72) hours of separation of employment.

- 24 -

117.    Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

118.    Plaintiff and Class Members are entitled to compensation for all forms of wages earned, including but not limited to minimum wages, overtime, and premium meal and rest period compensation, but to date have not received such compensation, therefore entitling them to Labor Code § 203 penalties.

119.    More than thirty (30) days have passed since affected Waiting Time Subclass Members have left Defendant's employ, and on information and belief, they have not received payment pursuant to Labor Code § 203.

120.    Plaintiff and Waiting Time Subclass Members are thus entitled to 30 days' wages as a penalty under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

**By Plaintiff and Wage Statement Subclass Against Defendant**

121.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

122.    Labor Code section 226(a) reads in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of

the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the

pay period and the corresponding number of hours worked at each hourly rate by the

employee….".

123.    Further, the IWC Wage Order 7-2001 require in pertinent part: Every employer

shall keep accurate information with respect to each employee including the following: (3) Time

records showing when the employee begins and ends each work period. Meal periods, split shift

intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the

payroll period and applicable rates of pay…."

124.    Labor Code section 1174 of the California also requires Defendant to maintain and

preserve, in a centralized location, among other items, records showing the names and addresses

of all employees employed and payroll records showing the hours worked daily by, and the wages

paid to, its employees.  On information and belief and based thereon, Defendant have knowingly

and intentionally failed to comply with Labor Code section 1174, including by implementing the

policies and procedures and committing the violations alleged in the preceding causes of action

and herein.  Defendant's failure to comply with Labor Code section 1174 is unlawful pursuant to

Labor Code section 1175.

125.    Defendant have failed to record many of the items delineated in applicable

Industrial Wage Order 7-2001 and Labor Code section 226, and required under Labor Code

section 1174, including by virtue of the fact that each wage statement which failed to accurately

compensate Plaintiff and Class Members for all hours worked and for missed and non-provided

meal and rest periods, or which failed to include compensation for all minimum wages earned or

overtime hours worked, was an inaccurate wage statement.

126.    On information and belief, Defendant failed to implement and preserve a lawful

record-keeping method to record all hours worked, meal periods, and non-provided meal and rest

periods owed to employees, as required for Non-Exempt Employees under California Labor Code

section 226 and applicable California Wage Order 7-2001.  In order to determine if they had been

paid the correct amount and rate for all hours worked, Plaintiff and Class Members have been,

would have been, and are compelled to try to discover the required information missing from their wage statements and to perform complex calculations in light of the inaccuracies and incompleteness of the wage statements Defendant provided to them.

127.    As a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Order 7-2001, Defendant did not and still do not furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing accurately reflecting all of the required information. Specifically, Defendant have also omitted accurate itemizations of total hours worked, the name and address of the legal entity that is the employer, and gross pay from Plaintiff and the Class Members' wage statements. In addition, Defendant have failed to provide accurate itemized wage statements as a consequence of the above-specified violations for failure to accurately pay all wages owed, accurately record all hours worked, and failure to pay meal and rest period premiums as required by law.

128.    Moreover, upon information and belief, as a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Order 7-2001, Defendant did not and do not maintain accurate records pertaining to the total hours worked for Defendant by the members of the Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

129.    Plaintiff and the members of the Wage Statement Class have suffered injury as a result of Defendant's failure to maintain accurate records for the members of the Wage Statement Class in that the members of the Wage Statement Class were not timely provided written accurate itemized statements showing all requisite information, such that the members of the Wage Statement Class were misled by Defendant as to the correct information regarding various items, including but not limited to the identity of the employer, total hours worked by the employee, gross pay, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

130.    Pursuant to Labor Code section 226, and in light of Defendant's violations

addressed above, Plaintiff and the Wage Statement Class Members are each entitled to recover up to a maximum of $4,000.00, along with an award of costs and reasonable attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**<u>FAILURE TO REIMBURSE NECESSARY EXPENSES</u>**

**By Plaintiff and the Indemnification Subclass Against All Defendants**

131.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

132.    Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members for necessary expenditures incurred in direct consequence of the discharge of his or her duties.

133.    Plaintiff and the members of the Indemnification Class were required to incur expenses in the performance of their assigned job duties.

134.    Upon information and belief, the Defendants did not reimburse Plaintiff or the Plaintiff's subclass for such expenses.

135.    As a result of the unlawful acts of Defendants, Plaintiff and the Indemnification Class Members have been deprived of un-reimburse sums in amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 2802.

**EIGHTH CAUSE OF ACTION**

**<u>VIOLATION OF THE UNFAIR COMPETITION LAW</u>**

**By Plaintiff and Class Against All Defendant**

136.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

137.    Defendant's conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendant's competitors, and the general public. Plaintiff also seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure § 1021.5.

138.    Defendant's policies, activities, and actions as alleged herein are violations of

- 28 -

COMPLAINT

California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§ 17200, *et seq*.

139.    A violation of California Business and Professions Code §§ 17200, *et seq*., may be predicated on the violation of any state or federal law.

140.    The state law violations, including violations of the relevant IWC Wage Order 7-2001, detailed herein above are the predicate violations for this cause of action. By way of example only, in the instant case Defendant's policy of failing to lawfully provide Plaintiff and the Class with timely meal and rest periods or pay one (1) hour of premium pay when a meal or rest period was not lawfully provided violates Labor Code § 512, and § 226.7, and the IWC Wage Orders. Defendant further violated the law through their policies of failing to fully and accurately compensate Plaintiff and the Class Members for all hours worked, including minimum wages and overtime as well as failing to provide accurate itemized wage statement as specified above.

141.    Plaintiff and the Class Members have been personally aggrieved by Defendant' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

142.    Pursuant to California Business and Professions Code §§ 17200, *et seq*., Plaintiff and the Class Members are entitled to restitution of the wages withheld and retained by Defendant during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure §1021.5; interest; and an award of costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray judgment against Defendant, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representatives of the Class;

3.    That Plaintiff be appointed as the representatives of the Subclasses; and

4.    That counsel for Plaintiff be appointed as counsel for the Class and Subclasses.

**On the First Cause of Action**

(Failure to pay all wages owed, including overtime)

1.      For the unpaid balance of the full amount of any overtime, minimum wages, and regular wages owed, as well as interest thereon,

2.      Penalties according to statute,

3.      Liquidated damages,

4.      Reasonable attorneys' fees, and costs of suit;

5.      For interest and

6.      For such other and further relief as the Court deems proper.

**On the Second Cause of Action**

(Failure to Provide Lawful Meal Periods)

1.      For one (1) hour of premium pay for each day in which a required meal period was not lawfully provided;

2.      For reasonable attorneys' fees and costs pursuant to statute; and

3.      For such other and further relief as the Court deems proper.

**On the Third Cause of Action**

(Failure to Authorize and Permit Lawful Rest Periods)

1.      For one (1) hour of premium pay for each day in which a required rest period was not lawfully authorized and permitted; and

2.      For reasonable attorneys' fees and costs pursuant to statute; and

3.      For such other and further relief as the Court deems proper.

**On the Fourth Cause of Action**

(Failure to Timely Pay Wages During Employment)

1.    For unpaid wages;

2.    For penalties pursuant to Labor Code §210 and 25% of the amount of wages unlawfully withheld;

3.    For interest;

4.    For reasonable attorneys' fees and costs pursuant to statute; and

5.    For such other and further relief as the Court deems proper.

**On the Fifth Cause of Action**

(Failure to Timely Pay Wages At Separation)

1.    For unpaid wages;

2.    For penalties pursuant to Labor Code § 203;

3.    For interest;

4.    For reasonable attorneys' fees and costs pursuant to statute; and

5.    For such other and further relief as the Court deems proper.

**On the Sixth Cause of Action**

(Failure to Provide Accurate Itemized Wage Statements)

1.    For statutory penalties, including penalties pursuant to Labor Code section 226;

2.    For reasonable attorneys' fees and costs; and

3.    For such other and further relief as the Court deems proper;

**On the Seventh Cause of Action**

(Failure to Reimburse Necessary Expenses)

1.    For unreimbursed sums;

2.    For reasonable attorneys' fees and costs pursuant to statute;

3.    For interest; and

4.    For such other and further relief as the Court deems proper.

**On the Eighth Cause of Action**

(Violation of the Unfair Competition Law)

1.      That Defendant, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and Class Members for the Defendant's past failure to pay overtime and regular wages and for premium wages for meal and rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

2.      For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under California Code of Civil Procedure § 1021.5 and Labor Code section 1194;

3.      For pre-judgment interest on any unpaid overtime wages due from the day that such amounts were due;

4.      For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under the Labor Code; and

5.      For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of the Class and Subclasses, respectfully demand a jury trial in this matter.

**JAMES HAWKINS APLC**

Dated:  June 9, 2022

James R. Hawkins
Christina M. Lucio
Mitchell J. Murray

Attorneys for Plaintiff NATASHA KING,
on behalf of herself and all others similarly situated

Electronically FILED by Superior Court of California, County of Los Angeles on 06/08/2022 05:02 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Covarrubias,Deputy Clerk

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>James Hawkins, SBN 192925<br>Christina M. Lucio, SBN 253677; Mitchell J. Murray, SBN 285691<br>JAMES HAWKINS APLC<br>9880 Research Dr., Suite 200 Irvine, CA 92618<br>TELEPHONE NO.: (949)387-7200    FAX NO.: (949) 387-6676<br>ATTORNEY FOR *(Name):* Natasha King | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
King v. Winco Holdings, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 22STCV18867 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is    ☐ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 8
5. This case ☑ is    ☐ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 8, 2022

Christina M. Lucio, Esq.
_____
(TYPE OR PRINT NAME)     ▶     _____
                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**

| SHORT TITLE: King v. Winco Holdings, Inc. | CASE NUMBER 22STCV18867 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: King v. Winco Holdings, Inc. | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | ①②③<br>10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: King v. Winco Holdings, Inc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

| SHORT TITLE: King v. Winco Holdings, Inc. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br><br>741 W Ave. K #4 |
|---|---|
| CITY:<br>Lancaster | STATE:<br>CA | ZIP CODE:<br>93534 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: June 8, 2022

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SHORT TITLE: King v. Winco Holdings, Inc. | CASE NUMBER 22STCV18867 |
| --- | --- |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: King v. Winco Holdings, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | ①②③ |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

| SHORT TITLE: King v. Winco Holdings, Inc. | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|
| Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus<br>☐  A6152  Writ - Mandamus on Limited Court Case Matter<br>☐  A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2, 8 |
| Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐  A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment (20) | ☐  A6141  Sister State Judgment<br>☐  A6160  Abstract of Judgment<br>☐  A6107  Confession of Judgment (non-domestic relations)<br>☐  A6140  Administrative Agency Award (not unpaid taxes)<br>☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐  A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only<br>☐  A6040  Injunctive Relief Only (not domestic/harassment)<br>☐  A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Partnership Corporation Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐  A6121  Civil Harassment With Damages<br>☐  A6123  Workplace Harassment With Damages<br>☐  A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐  A6190  Election Contest<br>☐  A6110  Petition for Change of Name/Change of Gender<br>☐  A6170  Petition for Relief from Late Claim Law<br>☐  A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

- Judicial Review
- Provisionally Complex Litigation
- Enforcement of Judgment
- Miscellaneous Civil Complaints
- Miscellaneous Civil Petitions

| SHORT TITLE: King v. Winco Holdings, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 741 W Ave. K #4 |

| CITY:<br>Lancaster | STATE:<br>CA | ZIP CODE:<br>93534 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the **Central** District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: June 8, 2022

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/08/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Covarrubias _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |

| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>22STCV18867 |
|---|---|

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Kenneth R. Freeman | 14 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on  06/09/2022
___(Date)___

**Sherri R. Carter, Executive Officer / Clerk of Court**

By  J. Covarrubias _____ , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

**\*Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 01 2022

Sherri R. Carter, Executive Officer/Clerk of Court
By: Berta Guerrero, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| NATASHA KING<br><br>        Plaintiff,<br><br>    vs.<br><br>WINCO HOLDINGS, INC<br>        Defendants. | Case No. 22STCV18867<br>INITIAL STATUS CONFERENCE ORDER<br>(COMPLEX LITIGATION PROGRAM)<br><br>Case Assigned for All Purposes to<br>Judge Kenneth R. Freeman<br><br>Department:  14<br>Date:         September 9, 2022<br>Time:         10:00 a.m. |

Due to the pandemic and the urgent need to avoid court appearances, the parties MUST sign up with an e- service provider at least ten court days in advance of the Initial Status Conference and advise the Court, via email to sscdept14@lacourt.org, which provider was selected.

This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex Litigation Program. An Initial Status Conference is set for **September 9, 2022, at 10:00 a.m., in Department 14** located in the **Spring Street Courthouse,** at United States District Court, at 312 N. Spring Street, Los Angeles, California 90012. Counsel for all the parties are ordered to attend.

The Court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to

---

INITIAL STATUS CONFERENCE ORDER

initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

agree, as possible, on a case management plan. To this end, counsel must file a Joint Initial Status

Conference Class Action Response Statement ten (10) court days ( **August 26, 2022**) before the

Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading

paper and must specifically answer each of the below-numbered questions. Do not the use the

Judicial Council Form CM-110 (Case Management Statement) for this purpose.

    **1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and

presently-named defendants, together with all counsel of record, including counsel's contact and

email information.

    **2. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add

more class representatives? If so, and if known, by what date and by what name? Does any

plaintiff presently intend to name more defendants? If so, and if known, by what date and by what

name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will

be named.

    **3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong

person or entity, please explain.

    **4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party

believes one or more named plaintiffs might not be an adequate class representative, please

explain. No prejudice will attach to these responses.

    **5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

    **6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list

other cases with overlapping class definitions. Please identify the court, the short caption title, the

docket number, and the case status.

    **7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION**

-2-

**WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues. The vehicles include:

- Early motions in limine,

- Early motions about particular jury instructions,

- Demurrers,

- Motions to strike,

- Motions for judgment on the pleadings, and

- Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Does plaintiff need class contact information from the defendant's records? If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel? If the parties agree on the notice process, who should pay for it? Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The Court generally does not permit extensive or expensive discovery relevant only to the merits (for

-3-

example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**12. INSURANCE COVERAGE:** Please state if there is insurance for indemnity or reimbursement.

**13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

■ The next status conference,

■ A schedule for alternative dispute resolution, if it is relevant,

■ A filing deadline for the motion for class certification, and

■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service. While the parties are free to choose one of the services shown below, this Court (Department 14) prefers that the parties select:

■ **Case Anywhere (http://www.caseanywhere.com).**

The parties are not required to select Case Anywhere, but may chose instead either

■ File & Serve Xpress (https://secure.fileandservexpress.com) or

■ CaseHomePage (http://www.casehomepage.com).

[1] See California Rule of Court, Rule 3.768.

-4-

INITIAL STATUS CONFERENCE ORDER

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If parties cannot agree, the Court will select the vendor at the Initial Status Conference.  Electronic service is not the same as electronic filing.  Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. However, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may

---

[2] California Rule of Court, Rule 3.770(a)

assist in the orderly management of these cases.  This stay shall not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however shall stay all outstanding discovery requests.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this order.

Dated:  7-1-2022

**KENNETH R. FREEMAN**

Judge Kenneth R. Freeman

INITIAL STATUS CONFERENCE ORDER

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 14

| | |
|---|---|
| 22STCV18867 | July 1, 2022 |
| NATASHA KING vs WINCO HOLDINGS, INC. | 11:45 AM |

| | |
|---|---|
| Judge: Honorable Kenneth R. Freeman | CSR: None |
| Judicial Assistant: B. Guerrero | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

**APPEARANCES:**

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Regarding Newly Filed Class Action;

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 09/09/2022 at 10:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 14

**22STCV18867**                                                July 1, 2022
**NATASHA KING vs WINCO HOLDINGS, INC.**                       11:45 AM

Judge: Honorable Kenneth R. Freeman          CSR: None
Judicial Assistant: B. Guerrero               ERM: None
Courtroom Assistant: None                     Deputy Sheriff: None

---

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

---

Minute Order                                                  Page 2 of 3

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 14

**22STCV18867**                                                July 1, 2022
**NATASHA KING vs WINCO HOLDINGS, INC.**                        11:45 AM

Judge: Honorable Kenneth R. Freeman          CSR: None
Judicial Assistant: B. Guerrero              ERM: None
Courtroom Assistant: None                    Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference
Order on all parties forthwith and file a Proof of Service in this department within seven (7) days
of service.

Certificate of Mailing is attached.

Minute Order                                                   Page 3 of 3

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

**FILED**
Superior Court of California
County of Los Angeles

**07/01/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ B. Guerrero _____ Deputy

PLAINTIFF/PETITIONER:
Natasha King

DEFENDANT/RESPONDENT:
Winco Holdings, Inc.

## CERTIFICATE OF MAILING

CASE NUMBER:
22STCV18867

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Regarding Newly Filed Class Action;) of 07/01/2022, Initial Status Conference Order  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Mitchell John Murray
James Hawkins APLC
9880 Research Drive, Suite 200
Irvine, CA  92618

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 07/1/2022

By:  B. Guerrero
Deputy Clerk

**CERTIFICATE OF MAILING**

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
     (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By_____,Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) — MANDATORY ELECTRONIC FILING ) FOR CIVIL ) ) ) ) ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

   i)    Depositions;

   ii)   Declarations;

   iii)  Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)    Points and Authorities;

   vi)   Citations; and

   vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i) Any printed document required pursuant to a Standing or General Order;

    ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii) Pleadings and motions that include points and authorities;

    iv) Demurrers;

    v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi) Motions for Summary Judgment/Adjudication; and

    vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   11)  SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3   Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4   Division of the Los Angeles County Superior Court.

5

6      This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10   DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                            (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____  ➢  _____
(TYPE OR PRINT NAME)  (ATTORNEY FOR PLAINTIFF)

Date:

_____  ➢  _____
(TYPE OR PRINT NAME)  (ATTORNEY FOR DEFENDANT)

Date:

_____  ➢  _____
(TYPE OR PRINT NAME)  (ATTORNEY FOR DEFENDANT)

Date:

_____  ➢  _____
(TYPE OR PRINT NAME)  (ATTORNEY FOR DEFENDANT)

Date:

_____  ➢  _____
(TYPE OR PRINT NAME)  (ATTORNEY FOR _____)

Date:

_____  ➢  _____
(TYPE OR PRINT NAME)  (ATTORNEY FOR _____)

Date:

_____  ➢  _____
(TYPE OR PRINT NAME)  (ATTORNEY FOR _____)

| Print | Save | Clear |
|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

[ Print ]    [ Save ]                                    [ Clear ]

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

| Print | Save |
|---|---|

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Clear |
|---|

<table>
<tr><td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br><br><br><br>TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):</td><td>STATE BAR NUMBER<br><br><br>FAX NO. (Optional):</td><td>Reserved for Clerk's File Stamp</td></tr>
</table>

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

[ Print ]    [ Save ]                                    [ Clear ]

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re                    )    ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation    )    EXTENDING TIME TO RESPOND BY
Stipulations                        )    30 DAYS WHEN PARTIES AGREE
                                  )    TO EARLY ORGANIZATIONAL
                                  )    MEETING STIPULATION
                                  )

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1   by Code of Civil Procedure section 1054(a) without further need of a specific court

2   order.

3

4   DATED: *May 11, 2011*

5                                                    Carolyn B. Kuhl, Supervising Judge of the
6                                                    Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)